IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE: CLOBETASOL CASES | |
| THIS DOCUMENT RELATES TO:<br>*ALL CLOBETASOL ACTIONS* | 16-CB-27240 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PERRIGO NEW YORK, INC.'S INDIVIDUAL MOTION TO DISMISS ALL CLOBETASOL ACTIONS</u>**

**REDACTED PURSUANT TO PROTECTIVE ORDER**

## TABLE OF CONTENTS

                                                                                                                      **Page**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ..................................................................................................................... 2

I.      PLAINTIFFS FAIL TO ALLEGE ANY FACTS PLAUSIBLY SUGGESTING THAT PERRIGO PARTICIPATED IN A CONSPIRACY, AND EVEN ALLEGE FACTS DEMONSTRATING PERRIGO'S LACK OF PARTICIPATION .................................. 2

        A.      Perrigo's Pricing Contradicts Plaintiffs' Conspiracy Allegations ......................... 2

        B.      Allegations of Investigations by Government Authorities Are Insufficient to State a Claim .................................................................................................... 5

        C.      Perrigo's Participation in Certain Industry Meetings, Groups, or Conferences Does Not Plausibly Suggest Its Participation in a Conspiracy .............................. 5

        D.      Perrigo's Public Statements Contain No Evidence of a Conspiracy ..................... 7

CONCLUSION ................................................................................................................... 8

**REDACTED PURSUANT TO PROTECTIVE ORDER**

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................................1

*In re Chocolate Confectionary Antitrust Litig.*,
   801 F.3d 383 (3d Cir. 2015)..........................................................................................4

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
   764 F. Supp. 2d 991 (N.D. Ill. 2011) ............................................................................7

*Resco Prods., Inc. v. Bosai Minerals Gp. Co.*,
   158 F. Supp. 3d 406 (W.D. Pa. 2016).......................................................................... 5

*Superior Offshore Int'l v. Bristow Grp, Inc.*,
   738 F. Supp. 2d 505 (D. Del. Sept. 14, 2010)...............................................................5

*Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*,
   513 F. Supp. 1100 (E.D. Pa. 1981) ...............................................................................6

**REDACTED PURSUANT TO PROTECTIVE ORDER**

## INTRODUCTION

Direct Purchaser, End-Payer and Indirect Reseller Plaintiffs (collectively, "Plaintiffs") allege that Perrigo New York, Inc. ("Perrigo") conspired to fix the price of generic clobetasol propionate ("Clobetasol"), a topical corticosteroid used to treat a variety of skin conditions. However, the non-conclusory facts alleged in the Complaints concerning Perrigo are flatly inconsistent with Plaintiffs' claims that Perrigo conspired with other Defendants Actavis Holdco. U.S. Inc., Akorn, Inc., Fougera Pharmaceuticals Inc., Hi-Tech Pharmacal Co., Inc., Morton Grove Pharmaceuticals, Inc., Sandoz Inc., Taro Pharmaceuticals U.S.A., Inc., and Wockhardt USA LLC (collectively, "Defendants") to fix, raise, or maintain Clobetasol prices.



*See* Indirect Reseller Plaintiffs' Consolidated Clobetasol Class Action Complaint ("IRP Compl.") ¶ 81; Consolidated End-Payer Class Action Complaint ("EPP Compl.") ¶ 94. Plaintiffs' Complaints fail to plead facts plausibly suggesting Perrigo's participation in the alleged Clobetasol conspiracy as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-59 (2007). Their claims against Perrigo therefore fail as a matter of law, and Perrigo should be dismissed.

**ARGUMENT**

I. **PLAINTIFFS FAIL TO ALLEGE ANY FACTS PLAUSIBLY SUGGESTING THAT PERRIGO PARTICIPATED IN A CONSPIRACY, AND EVEN ALLEGE FACTS DEMONSTRATING PERRIGO'S LACK OF PARTICIPATION**

   A. **Perrigo's Pricing Contradicts Plaintiffs' Conspiracy Allegations**

As detailed in Defendants' Joint Motions to Dismiss, the pricing conduct alleged in the Complaints is not parallel and is legally insufficient to support their conspiracy claims. *See generally* Defs.' Mem. of Law in Support of Their Joint Mot. to Dismiss the Consol. Direct Purchaser Pls.' Class Action Compl. With regard to Perrigo, the alleged pricing conduct is not only insufficient to infer a conspiracy, it affirmatively negates any inference that Perrigo conspired with the other Defendants. Plaintiffs themselves acknowledge that Perrigo did not increase its pricing in lockstep with the other Defendants. IRP Compl. ¶¶ 81-82 (alleging that the other Defendants "increas[ed] their respective Clobetasol prices at substantially the same time" in 2014 but acknowledging that "Perrigo did not increase the price of its Clobetasol gel product until March 2016"); DPP Compl. ¶ 95 (alleging that other Defendants "all set their WACs in lockstep" but omitting any reference to Perrigo).

Perrigo produced only one of the five Clobetasol formulations – Clobetasol Gel – alleged to be the subject of conspiratorial conduct. ████████████████████████████
████████████████████████████████████████████████████████████████ DPP Compl. ¶¶ 71-72; EPP Compl. ¶¶ 94-95; IRP Compl. ¶¶ 81-82. ████████████
████████████████████████████████ DPP Compl. ¶¶ 71-72; EPP Compl. ¶¶ 94-95; IRP Compl. ¶¶ 81-82. ████████████████████████████
████████████████████████████████ *Compare* DPP Compl. ¶ 71; EPP Compl. ¶ 92; IRP Compl. ¶ 81 (████████████████████████████████████) *with* DPP Compl. ¶ 72; EPP Compl. ¶ 95; IRP Compl. ¶ 81 (████████████████████

2

**REDACTED PURSUANT TO PROTECTIVE ORDER**

██████████████████████████████). [1] ██████████████████████████████

██████████████████████████████ DPP Compl. ¶ 72; EPP Compl. ¶ 95; IRP Compl. ¶ 82.

In fact, according to the pricing allegations in the Complaints, ██████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████ DPP Compl. ¶ 83; IRP Compl. ¶ 96.  The WAC pricing chart for Clobetasol Gel included in the IRP Complaint shows that Perrigo's prices were much lower than other Defendants prices during most of the alleged "conspiracy period," rendering entirely implausible any claim that Perrigo participated in the conspiracy Plaintiffs allege:



EPP Compl. ¶ 95; IRP Compl. ¶ 82.

---

[1] Indirect Reseller Plaintiffs ("IRPs") state in this section that Perrigo matched "the other Defendants' elevated NSP prices" around 2014 when Perrigo entered the market. IRP Compl. ¶ 84. ██████████████████████████ ██████████████████████████████████████████████████ IRP Compl. ¶ 94 (██████████ ██████████████████████████████).

3

**REDACTED PURSUANT TO PROTECTIVE ORDER**

Plaintiffs try to obscure Perrigo's unique position as a "pricing maverick" during the alleged conspiracy period by gerrymandering misleading pricing comparisons. ███

███ DPP Compl. ¶ 82; EPP Compl. ¶ 95. ███

███ DPP Compl. ¶ 72; EPP ¶ 98; IRP ¶¶ 85, 94. ███

███ DPP Compl. ¶ 81; IRP Compl. ¶¶ 94-95. ███

███ IRP Compl. ¶ 95. ███

███ DPP Compl. ¶ 72; EPP Compl. ¶¶ 82; 95.

Plaintiffs therefore cannot plausibly allege that Perrigo priced Clobetasol in any way suggestive of conspiracy, and, in fact, ███

███ Far from establishing a plausible basis to believe that Perrigo was involved in an alleged Clobetasol conspiracy, Plaintiffs' "parallel pricing" allegations affirmatively negate any such inference. *See, e.g.*, *In re Chocolate Confectionary Antitrust Litig.*, 801 F.3d 383, 396 (3d Cir. 2015) (finding, where a plaintiff's theory "makes no economic sense" and would deter

**REDACTED PURSUANT TO PROTECTIVE ORDER**

competition, plaintiffs need additional evidence to support their alleged conspiracy theory). Plaintiffs therefore cannot plausibly allege that Perrigo was part of a collusive scheme for Clobetasol.

### B. Allegations of Government Investigations Are Insufficient to State a Claim

Plaintiffs' allegations of various federal and state government investigations of the "generic pharmaceutical industry," including Perrigo, are insufficient to state a plausible claim that Perrigo conspired to fix prices of Clobetasol. The mere fact of a government investigation is insufficient to make out a conspiracy claim *even if that investigation relates to the parties and product* at issue in the follow-on civil litigation. *See Superior Offshore Int'l v. Bristow Grp., Inc.*, 738 F. Supp. 2d 505, 516-17 (D. Del. Sept. 14, 2010) (finding the existence of a government investigation did not "bolster" the plaintiff's conspiracy theory since "proof of the mere occurrence of the DOJ's investigation is equally consistent with Defendants' innocence" and "do not enhance the plausibility of Plaintiff's claim and do not warrant subjecting Defendants to the burdens of antitrust discovery"). Moreover, Plaintiffs make no allegation in any of the Complaints that would tie *any* of these investigations to their alleged conspiracy regarding Clobetasol, including having no such allegations concerning Perrigo.

### C. Perrigo's Participation in Certain Industry Meetings, Groups, or Conferences Does Not Plausibly Suggest Its Participation in a Conspiracy

Plaintiffs allege that Perrigo's attendance at various industry meetings and events is evidence of an unlawful agreement among Defendants. DPP Compl. ¶¶ 7, 99-101; EPP Compl. ¶¶ 6-7, 117-118; IRP Compl. ¶¶ 8, 123-24. However, the mere fact that Perrigo was a member of the GPhA and participates in other industry trade associations and trade conferences is hardly sufficient to plausibly allege a conspiracy, as the same could be said about most every company in every industry. *See, e.g.*, *Resco Prods., Inc. v. Bosai Minerals Grp. Co.*, 158 F. Supp. 3d 406

REDACTED PURSUANT TO PROTECTIVE ORDER

(W.D. Pa. 2016) (finding it "is not reasonable" to infer a conspiracy from membership in trade associations); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 513 F. Supp. 1100, 1149 (E.D. Pa. 1981) (citations omitted) (stating that "mere membership in a trade association, including attendance at meetings, is insufficient without more to give rise to an inference of conspiracy"). Plaintiffs acknowledge that Perrigo was not a member of the HDMA and did not attend any of those meetings. DPP Compl. ¶ 112; EPP Compl. ¶ 128.

In addition, and significantly, the timing of the industry, customer and trade meetings that Plaintiffs allege provided Defendants an "opportunity to conspire" do not line up with the timing of Perrigo's price increase for Clobetasol Gel. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DPP Compl. ¶¶ 119-36; EPP Compl. ¶¶ 110, 135-40, 142-48, 151; IRP Compl. ¶¶ 116, 132, 135, 138-41 (all meetings at which Perrigo is specifically alleged to have been present occurred between 2013 and 2015). That timing makes it implausible (if not impossible) to believe that Perrigo hatched a scheme to raise its Clobetasol Gel prices in those meetings. Plaintiffs allege some industry meetings not alleged to involve Perrigo *later* in 2016, *after* that price increase (DPP Compl. ¶ 136) and much earlier in 2015 (DPP Compl. ¶¶ 130-32), but none close in time to the Perrigo price increase. Clearly, these meetings do not create any plausible inference that Perrigo conspired with other Defendants concerning its Clobetasol pricing.

Moreover many of the employees that are alleged to have attended these meetings, and which Plaintiffs allege are key Perrigo executives for generic drug sales and pricing, in fact have no responsibility for generic pharmaceuticals. For example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**REDACTED PURSUANT TO PROTECTIVE ORDER**

a █████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████ *See, e.g.*, *id.* ¶¶ 129, 132, 135; EPP Compl. ¶¶ 145, 148, 151; IRP Compl. ¶ 139. In fact, the majority of the events the Complaints allege Perrigo employees attended were hosted by Defendants' customers for the purpose of meeting with those customers. Besides citing attendance records, Plaintiffs make no effort to allege any instances where Perrigo met or communicated with any competitor in furtherance of the alleged conspiracy.

    D.  **Perrigo's Public Statements Contain No Evidence of a Conspiracy**

  Plaintiffs try to imply that Perrigo's innocuous public statements somehow "demonstrate an intent to fix prices" for Clobetasol, yet none of the quotes from Perrigo even mention Clobetasol. DPP Compl. ¶ 62. For example, Plaintiffs quote Perrigo's CFO as saying in October 2013 that "pricing initiatives were well received this quarter," and Perrigo's CEO as saying in May 2014 that "there are some opportunities . . . in different business segments." *Id.* ¶¶ 167-68; EPP Compl. ¶ 164. Such generic statements on pricing and profitability hardly make Plaintiffs' conspiracy allegation more plausible. *See In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 764 F. Supp. 2d 991, 1001 (N.D. Ill. 2011).



███████ EPP Compl. ¶ 94; IRP Compl. ¶ 81. It is absurd to suggest that these statements could provide any evidence of collusion when they do not even reference Clobetasol, ██████ ██████████████████████████████████

  Moreover, the general statements from Perrigo employees are entirely consistent with independent economic decision-making, and do not plausibly suggest that Perrigo was involved

7

**REDACTED PURSUANT TO PROTECTIVE ORDER**

in a conspiracy concerning Clobetasol pricing. For example, Perrigo's CEO is quoted as saying that Perrigo will look into general pharmaceutical pricing "and raise those prices." *Id.* ¶ 172. This is exactly what a competitive business should do: independently evaluate its products and prices to try to maximize profit.

As these statements fail to show any evidence of collusion, Plaintiffs' claims suggesting that Perrigo acted in concert with any of the other Defendants should be dismissed.

## CONCLUSION

For all of the reasons stated herein, there is no plausible basis to believe that Perrigo was involved in any conspiracy regarding Clobetasol and should be dismissed from Plaintiffs' Complaints in their entirety.

Dated: October 6, 2017            Respectfully submitted,

*/s/ J. Clayton Everett, Jr.*
Scott A. Stempel, Esq.
J. Clayton Everett, Jr., Esq.
Tracey F. Milich, Esq. (Pa. ID No. 316753)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Phone: (202) 739-3000
Fax: (202) 739-3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Harvey Bartle IV, Esq. (Pa. ID No. 91566)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Phone: (215) 963-5000
Fax: (215) 963-5001
harvey.bartle@morganlewis.com
frank.desimone@morganlewis.com

*Attorneys for Defendant Perrigo New York, Inc.*

**REDACTED PURSUANT TO PROTECTIVE ORDER**